**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

---

**DAVID LUCAS,**

  **Petitioner,**

  v.

**JUDGE ADVOCATE GENERAL, NAVAL**
**CRIMINAL INVESTIGATIVE**
**SERVICES,**

  **Respondent.**

---

**Misc. No.  07-0265 (JR)**

**MEMORANDUM OPINION**

This matter is before the Court on a petition pursuant to Rule 27 of the Federal Rules of Civil Procedure.  For the reasons stated below, the petition will be denied.

Petitioner "was court-martialed and found guilty of rape and sodomy" in 1989.  Pet., Ex. A ("Lucas Aff.") at 1 (page numbers designated by the Court).  Although "a DNA test was done on samples from the rape kit[,]" results "were not completed at the time of the trial."  *Id.*  Evidently a private laboratory conducted the DNA test, and at no time during the trial or appellate proceedings did the government turn over the test results.  *See id.*

In 2003, petitioner began his search for DNA test results.  Lucas Aff. at 3.  He submitted a Freedom of Information Act ("FOIA") request to the United States Army Criminal Investigation Laboratory, which referred him to the United States Army Crime Records Center at

Fort Belvoir, Virginia. Pet., Ex. D (March 17, 2003 letter from E.M. Gidion, Operations Officer). The United States Army Criminal Investigation Laboratory no longer maintained such information, and referred petitioner to the Naval Criminal Investigative Service in Washington, D.C. *Id.* (April 7, 2003 letter from P.J. McGuire, Director, Crime Records Center). The records released to petitioner evidently pertained to blood grouping tests and were not the DNA test results he sought. *Id.* (October 2, 2003 letter to Lt. Z.G. Kugeares).

Petitioner's efforts to obtain the test results directly from the private laboratory were unsuccessful. *Id.* (October 14, 2004 letter from V. Telesh, Legal Associate, Orchid BioSciences, Inc.). Although another district court granted a prior Rule 27 petition, *see Lucas v. Riddle*, No. 3:04-MC-232, 2004 WL 1084719 (D. Conn. May 11, 2004), the laboratory to which the subpoena was directed had no records.[1] Lucas Aff., Ex. D (October 25, 2004 letter from J. Victor, PhD, Executive Director, US Manufacturing Operations, Tepnel Lifecodes Corp.).

Petitioner alleges that he intends to pursue a claim of actual innocence before the Navy-Marine Corps Court of Criminal Appeals. Pet. at 1. He states that he is "unable to raise [the claim] at the present

---

[1]     Petitioner unsuccessfully has sought relief in the Eastern District of Virginia and in this district. *See Lucas v. Crime Records Center*, No. 05-7531, 2006 WL 1544056 (Apr. 26, 2006) (per curiam) (affirming denial of Rule 27 motion in advance of motion under 28 U.S.C. § 2255 on the ground that it must be filed in the court that imposed sentence); *Lucas v. Riddle*, No. 04-1110 (D.D.C. Aug. 25, 2004) (denying Rule 27 petition in advance of motion under 28 U.S.C. § 2255 absent showing of imminent risk that records would be lost or destroyed).

time due to the lack of key Evidence – a DNA test performed by the Navy[,]" which "currently [is] in the custody and control of the Naval Criminal Investigative Service and the Judge Advocate General, the Agencies that Authorized the test for the Navy." *Id.* He believes that the test results "will show that [he] was Excluded as a possible source of the semen stains in [the] Crime[s] he stand[s] convicted of and [will] corroborate the testimony of the victim who stated, at trial, that the petitioner was not one of her attackers." Pet. at 2.

A Rule 27 petition may be granted "[i]f the court is satisfied that the perpetuation of the testimony may prevent a failure or delay of justice." Fed. R. Civ. P. 27(a)(3). Generally, Rule 27 applies to "situations where, for one reason or another, testimony might be lost to a prospective litigant unless taken immediately, without waiting until after a suit or other legal proceeding is commenced." *Petition of Ferkauf*, 3 F.R.D. 89, 91 (S.D.N.Y. 1943). A petition may be granted where, for example, a witness will be unavailable because of age or infirmity. *See, e.g., Penn. Mut. Life Ins. Co. v. United States*, 68 F.3d 1371, 1376 (D.C. Cir. 1995); *Kunimoto v. Lehman*, No. 96-MC-232, 1996 WL 622094, at *3 (D.D.C. Oct. 16, 1996). Rule 27 is "not intended to be used as a discovery statute," *Petition of Ferkauf*, 3 F.R.D. at 91, and therefore may not be used as "a method of discovery to determine whether a cause of action exists; and, if so, against whom action should be instituted." *In re Boland*, 79 F.R.D. 665, 668 (D.D.C. 1978) (citing *Petition of Gurnsey*, 223 F. Supp. 359, 360 (D.D.C.

1963)); *Biddulph v. United States*, 239 F.R.D. 291, 293 (D.D.C. 2007) (denying Rule 27 petition where petitioner's interest is "in assessing the viability of various causes of action in advance of filing a complaint").

In conclusory terms, petitioner asserts that "[t]here is a delay in justice and [] a strong possibility that these documents will be lost," resulting in "a miscarriage of justice." Lucas Aff. at 3. Notwithstanding the delay and difficulty petitioner has had in obtaining the DNA test results, he shows neither that he is unable to bring his claim before the military courts without them nor that there is an imminent risk of their loss. It is unclear whether the proposed deponents have knowledge or custody of the test results. Petitioner's showing scarcely is more than that presented in his prior action in this court. *See Lucas v. Riddle*, No. 04-1110 (D.D.C. Aug. 25, 2004). Then, as now, he fails to show that there is a substantial risk that testimony or other evidence would be lost, destroyed, or otherwise unavailable before he files his appeal to Navy-Marine Corps Court of Military Appeals.

Assuming without deciding that Rule 27 applies to the situation presented here, the petition must be denied. An Order consistent with this Memorandum Opinion will be issued separately.

> JAMES ROBERTSON
> United States District Judge